IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PEWTER GRAPHICS, LTD., a Canadian corporation, and YVES DUQUESNE, an Individual<br><br>Defendants. | Civil Action No. 22-11469 |
| Gregory D. Phillips (P80801)<br>PHILLIPS WINCHESTER<br>600 East 124 South<br>Salt Lake City, Utah 84102<br>Tel: (801) 935-4935<br>Fax: (801) 935-4936<br><br>*Attorneys for Plaintiff* | |

**COMPLAINT FOR TRADEMARK COUNTERFEITING AND INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND <u>TRADEMARK DILUTION</u>**

Plaintiff Volkswagen Group of America, Inc. ("VWGoA" or "Plaintiff"), for its claims against defendants Pewter Graphics, Ltd. and Yves Duquesne (collectively "Defendants"), alleges as follows:

## SUBSTANCE OF THE ACTION

1. This suit arises from Defendants' unauthorized misappropriation and counterfeiting of Volkswagen AG's and Audi AG's distinctive and world-famous trademarks. Defendants feature these trademarks on their website and on the counterfeit goods they manufacture, and/or import and sell in the United States to convey the false impression that Defendants are associated or affiliated with Volkswagen AG and Audi AG.

2. Plaintiff alleges claims for federal trademark counterfeiting and infringement, false designation of origin or sponsorship, and federal trademark dilution under Sections 32(1), 43(c), and 43(a) of the United States Trademark Act of 1946 (the "Lanham Act"), as amended by the Trademark Counterfeiting Act of 1984 (15 U.S.C § 1116(d)), 15 U.S.C. §§ 1114(1), 1125(a), and 1125(c).

## THE PARTIES

3. Plaintiff Volkswagen Group of America, Inc. ("VWGoA") is a New Jersey corporation with a place of business at 3800 Hamlin Rd, Auburn Hills, Michigan. VWGoA is the exclusive U.S. importer of cars manufactured by Volkswagen AG and Audi AG ("VW" and "Audi") and is tasked with the responsibility of protecting the trademarks of VW in the United States.

4. Upon information and belief, defendant Pewter Graphics, Ltd, is an entity of unknown origin with its principal place of business in Victoria, BC

Canada.

5. Upon information and belief, defendant Yves Duquesne ("Duquesne") is an individual and principal of Pewter Graphics, Ltd. ("Pewter"). Defendant Duquesne is the moving, conscious, and active force behind the infringing acts complained of herein. He actively participated in and approved the unlawful acts alleged herein. Defendant Duquesne resides in or around Victoria, BC Canada.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the federal trademark infringement, trademark dilution, and false designation of origin claims under 28 U.S.C. §§ 1331 and 1338(a).

7. This action arises out of wrongful acts committed by Defendants that are intentionally targeted at Plaintiff in this District that subject Defendants to personal jurisdiction here.

## FACTUAL BACKGROUND

8. The trademarks of VW and Audi that Plaintiff is authorized to use and responsible to protect in the United States include some of the most popular and valuable trademarks in the world. The VW® name and logo and the AUDI® name and logo are world-renowned and are emblematic of the goodwill and commercial success of the VW and Audi brands.

9. VW obtained its first U.S. Trademark Registration for VW® in 1957

3

(U.S. Reg. No. 0,653,695) and has acquired many additional registrations for the VW® mark and related marks.

10. VW uses the VW® mark in connection with a design trademark or logo consisting of an encircled "V" and "W," known as the VW LOGO®, as depicted below:



11. VW first registered the VW LOGO® trademark (U.S. Reg. No. 0,790,959) with the USPTO in 1965. A true and correct copy of VW's first VW LOGO® trademark is attached as Exhibit A.

12. VW holds additional registrations for VW® and the VW LOGO® in many other countries throughout the world. VW® and the VW LOGO® are hereinafter referred to as the "VW Marks." VW's registrations for the VW Marks are valid, unrevoked, subsisting, and incontestable, and constitute prima facie evidence of VW's exclusive ownership of the VW Marks.

13. Audi obtained its first U.S. registration for AUDI® in 1960 (U.S. Reg. No. 0,708,352). A true and correct copy of the registration certificate for Audi's

first registration of AUDI® is attached to the Verified Complaint as Exhibit B.

14. Audi obtained its first U.S. registration for the AUDI RINGS LOGO® in 1971 (U.S. Reg. No. 0,906,525). A true and correct copy of Audi's first AUDI RINGS LOGO® trademark is attached to the Verified Complaint as Exhibit C.

15. An image depicting the AUDI RINGS® trademark as it appears on Audi vehicles is displayed below:



16. Audi holds additional registrations for AUDI® and the AUDI RINGS LOGO® in many other countries throughout the world. AUDI® and the AUDI RINGS LOGO® are hereinafter referred to as the "Audi Marks." Audi's registrations for the Audi Marks are valid, unrevoked, subsisting, and incontestable, and constitute prima facie evidence of Audi's exclusive ownership of the Audi Marks.

17. VW and Audi have expended many millions of dollars in advertising, promoting, enforcing, and developing the VW and Audi Marks throughout the world. VW and Audi prominently display the VW and Audi Marks in their

advertising in a wide variety of media, including on the Internet, on television, and in newspapers and magazines. In addition, VW and Audi permit their dealers and licensees to use the VW and Audi Marks in their business names, on their business premises, and in their advertising—subject to standards and specifications established by VW and Audi.

18. Plaintiff regulates the use and display of the VW and Audi Marks by its dealers and licensees in order to ensure the consistency and quality of the use and display of the VW and Audi Marks and to otherwise maximize the goodwill and economic value of the marks. As a result, VW and Audi have established inestimable goodwill in the VW and Audi Marks, which have become widely known and recognized throughout the world as symbols of the unique and high quality vehicles, services, and other products provided by VW and Audi.

19. The VW and Audi Marks are inherently distinctive and also have acquired distinctiveness as a consequence of VW's and Audi's use and promotion of the marks worldwide. The VW and Audi Marks are immediately identifiable and associated by the general public with VW and Audi, are world famous, and have thus acquired secondary meaning. The VW and Audi Marks, and the goodwill associated with the marks, are invaluable assets of substantial and inestimable worth to VW and Audi.

20. VW and Audi advertise online and operate a number of websites that

incorporate the VW and Audi Marks.

21. Plaintiff acts through an organization of dealers, which sell and service new and used VW and Audi automobiles and related parts, products, and services, in this district, and throughout the United States.

22. VW and Audi exercise great care and exerts substantial effort to control the nature and quality of the goods and services provided under the VW and Audi Marks.

### *Defendants' Violations of VW's and Audi's Trademark Rights*

23. This is a quintessential case of trademark counterfeiting and infringement. Subsequent to VW's and Audi's development and use of the VW and Audi Marks, Defendants began operating a business that provides products displaying counterfeits of the VW and Audi Marks.

24. For example, Defendants advertise their products and display images of those products on their website at *pewtergraphics.com*. An image depicting some of the Defendants' goods bearing counterfeits of the VW Marks are displayed below:



25. Defendants have also and similarly marketed and sold goods bearing counterfeits of the Audi Marks as depicted below:



26. Defendants are in no way affiliated with, authorized or sponsored by VW and Audi, and have no authority to use the VW and Audi Marks to identify the products, services, or goods they advertise, promote, or sell.

27. Defendants' use of the VW and Audi Marks in conjunction with the advertisement, promotion, and sale of Defendants' products and services constitutes a misappropriation of the VW and Audi Marks and associated goodwill and is likely to cause potential purchasers of Defendants' products and services, as

8

well as the public at large, to believe that Defendants' goods and services are affiliated with, authorized, sponsored, or endorsed by VW and Audi.

28. Defendants' unauthorized and unlawful use of the VW and Audi Marks or confusingly similar versions thereof, dilutes, tarnishes, and whittles away the distinctiveness of the VW and Audi Marks.  The unauthorized use and display of the VW and Audi Marks by competitors of VW and Audi, such as Defendants, causes serious harm to VW and Audi because it lessens the capacity of the VW and Audi Marks to designate VW and Audi and the goods and services provided by them and their dealers.  Such unauthorized use also irreparably harms VW and Audi because VW and Audi are not able to control the quality of the counterfeit products Defendants market and sell.

29. Defendants use the VW and Audi Marks and intentionally similar versions thereof with actual knowledge of VW's and Audi's prior adoption and use of the VW and Audi Marks.  Defendants have ignored several opportunities to resolve this matter, leaving Plaintiff with no choice but to file this suit.

30. Defendants have carried out and continue to carry out such acts with the intent to mislead and deceive consumers and the public in general.  In so doing, Defendants have caused irreparable damage to the VW and Audi Marks and to the goodwill of VW and Audi in the VW and Audi Marks.

31. Counsel for VWGoA sent Defendants a cease and desist letter on

August 10, 2021, a true and correct copy of which is attached hereto as Exhibit D.

32. Defendants have failed to comply with Plaintiff's demands to cease and desist the unauthorized use of VW's trademarks, leaving Plaintiff no alternative but to file this lawsuit.

## FIRST CLAIM FOR RELIEF

### (Trademark Counterfeiting and Infringement)

33. The allegations set forth above are incorporated herein by reference.

34. The VW and Audi Marks are inherently distinctive and also have acquired secondary meaning. The public associates the VW and Audi Marks exclusively with VW and Audi and the automobiles that they manufacture and sell. The distinctiveness of the VW and Audi Marks has been fortified through extensive advertising and sales of VW's and Audi's goods and services throughout the world.

35. Despite VW's and Audi's well-known prior rights in the VW and Audi Marks and without VW's and Audi's authorization, Defendants have used and continue to use counterfeits, copies, reproductions, or colorable imitations of the VW and Audi Marks in connection with the advertisement, promotion, and sale of Defendants' goods and services.

36. Defendants' actions constitute trademark counterfeiting and willful infringement of Plaintiff's exclusive rights in the VW and Audi Marks in violation

10

of 15 U.S.C. § 1114.

37. Defendants' misappropriation of the VW and Audi Marks or colorable imitations thereof has been and continues to be done with the intent to cause confusion ad mistake, and to deceive consumers concerning the source or sponsorship of Defendants' products and services. Accordingly, this is an exceptional case and Plaintiff is entitled to treble damages, attorney fees, and other extraordinary remedies under 15 U.S.C. § 1117.

38. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable harm. Unless Defendants are restrained from further infringement of the VW and Audi Marks, Plaintiff will continue to be irreparably harmed.

39. Plaintiff has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' acts are allowed to continue. Defendants' acts affect and threaten to injure the interstate and foreign commerce of Plaintiff in and with the United States.

40. As a direct and proximate result of Defendants' conduct, Plaintiff is entitled to the equitable remedy of an accounting for, and disgorgement of, all revenues or profits wrongfully derived by Defendants from their infringing use of the VW and Audi Marks pursuant to 15 U.S.C. § 1117. Alternatively, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than

$1,000 and not more than $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed.

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin)

41. The allegations set forth above are incorporated herein by this reference.

42. Defendants have knowingly used the VW and Audi Marks, or counterfeits, reproductions, copies, or colorable imitations thereof, in connection with the products and services that Defendants promote and sell.

43. By Defendants' unauthorized use of the VW Trademarks, Defendants have used a false designation of origin that is likely to cause confusion, mistake, or deception as to the connection of Defendants with VW and Audi in violation of 15 U.S.C. § 1125(a).

44. Defendants have intentionally and willfully used false designations of origin, rendering this case exceptional within the meaning of 15 U.S.C. § 1117(a).

45. As a result of Defendants' conduct, Plaintiff has been irreparably harmed in its business. Moreover, Plaintiff will continue to suffer irreparable harm unless Defendants are restrained from making false designations of origin, false descriptions, or misrepresentations, as set forth above.

46. Plaintiff has no adequate remedy at law that will compensate for the continued and irreparable harm that will be caused if Defendants' acts are allowed

to continue.

47. As a direct and proximate result of Defendants' conduct, Plaintiff is entitled to the equitable remedy of an accounting for, and disgorgement of, all revenues or profits wrongfully derived by Defendants from their false designations of origin pursuant to 15 U.S.C. § 1117. Alternatively, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $1,000 and not more than $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed.

### THIRD CLAIM FOR RELIEF
**(Trademark Dilution)**

48. The allegations set forth above are incorporated herein by reference.

49. The VW and Audi Marks are famous trademarks. They are inherently distinctive and also have acquired substantial renown.

50. Plaintiff has extensively and exclusively used the VW and Audi Marks in commerce.

51. Defendants' unauthorized and unlawful use of the VW and Audi Marks as described above creates a substantial likelihood of dilution of the distinctive quality of the VW and Audi Marks and of tarnishment of the VW and Audi Marks in violation of 15 U.S.C. § 1125(c)(1).

52. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable harm. Unless Defendants are restrained from further dilution

of the VW and Audi Marks, Plaintiff will continue to be irreparably harmed.

53. Plaintiff has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' acts are allowed to continue.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Under all claims for relief, that a permanent injunction be issued enjoining Defendants, their employees, partners, agents, successors, and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunction, from:

(1) imitating, copying, or making unauthorized use of the VW and Audi Marks, including, but not limited to, on their products, in their advertisements, or otherwise;

(2) importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product or service using any simulation, reproduction, counterfeit, copy, or colorable imitation of any or all of the VW and Audi Marks;

(3) using any simulation, reproduction, counterfeit, copy, or colorable imitation of the VW and Audi Marks or VW vehicles in connection with the promotion, advertisement, display, sale, offering for

14

sale, manufacture, production, circulation, or distribution of any service or product;

(4) using any false designation of origin or false description, including, without limitation, any letters or symbols constituting the VW and Audi Marks, or performing any act, which may, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed, or sold by Defendants is in any manner associated or connected with VW or Audi, or the VW and Audi Marks, or is sold, manufactured, licensed, sponsored, approved, or authorized by VW or Audi;

(5) engaging in any other activity constituting unfair competition with Plaintiff with respect to the VW and Audi Marks, or constituting an infringement of any or all of the VW and Audi Marks, or of VW's and Audi's rights in, or to use or exploit, any or all of the VW and Audi Marks; and

(6) instructing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) through (5) above.

B. For an order directing that Defendants deliver for destruction all products, signs, labels, tags, prints, packages, videos and advertisements in their possession or under their control, bearing or using any or all of the VW and Audi

15

Marks or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, pursuant to 15 U.S.C. § 1118.

  C. For an order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold, or otherwise circulated or promoted by Defendants is authorized by VW or Audi, or related in any way to VW's or Audi's products or services.

  D. For an order directing that Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the above.

  E. For an award of Plaintiff's costs and disbursements incurred in this action, including Plaintiff's reasonable attorney fees.

  F. For an order requiring Defendants to file with the Court and provide to Plaintiff an accounting of all sales and profits realized through Defendants' use of the VW and Audi Marks.

  G. For judgment in an amount equivalent to three times Defendants' profits, plus Plaintiff's reasonable attorneys' fees, because of Defendants' intentional, willful, and knowing use of counterfeits of the VW and Audi Marks

pursuant to 15 U.S.C. § 1117(b).

H.   Alternatively, for an award of statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $1,000 and not more than $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed.

I.   For an award of interest, including pre-judgment interest, on the foregoing sums.

J.   For such other and further relief as the Court may deem just and proper.

Dated:  June 29th, 2022

   /s/ Gregory D. Phillips
Gregory D. Phillips
**PHILLIPS WINCHESTER**
4001 South 700 East, Suite 500
Salt Lake City, UT 84107
Tel:  (801) 935-4935
Fax: (801) 935-4936
gdp@phillipswinchester.com

*Attorneys for Plaintiff*